UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA,

v.

KADEEM KNIGHT,
               Defendant.
--------------------------------------------------------------x

**ORDER**

23 CR 144 (VB)

Briccetti, J.:

      Defendant Kadeem Knight, who is currently incarcerated at U.S.P. Hazelton, in Bruceton Mills, West Virginia, has submitted two letters to the Court pro se, received by the Court on November 20, 2023, and April 25, 2025, respectively. (Docs. #21, 23). The letters indicate Knight's intent to seek relief under 28 U.S.C. § 2255 and include a request for transcripts and other documents from his criminal proceeding. For the following reasons, the Court: (1) construes the November 20, 2023, letter as a motion brought under Section 2255 nunc pro tunc; (2) directs the Clerk of Court to open a corresponding civil action; (3) will provide Knight with a copy of his sentencing transcript; and (4) directs Knight to file an amended Section 2255 motion by July 23, 2025.

### STANDARD OF REVIEW

      A prisoner in federal custody may bring a motion under 28 U.S.C. § 2255 attacking his conviction or sentence on the grounds that it violates the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. The Court is obliged to construe pro se pleadings and submissions liberally and interpret them "to raise the strongest arguments they suggest." Triestman v. Fed. Bureau of Prisons, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original); see Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001).[1]

Briefing by pro se litigants, "however inartfully pleaded," must be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519 (1972). Nevertheless, a pro se litigant is not exempt "from compliance with relevant rules of procedural and substantive law," Triestman v. Fed. Bureau of Prisons, 470 F.3d at 477 (citing Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)), and are subject to strict time limitations, see 28 U.S.C. § 2255(f).

## BACKGROUND

On March 17, 2023, pursuant to a plea agreement, Knight pleaded guilty to one count of possessing a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1). On July 20, 2023, the Court sentenced Knight to 46 months' imprisonment, to be followed by a 3-year term of supervised release. Judgment was entered on July 21, 2023. (Doc. #18). Knight did not appeal; as such, his conviction became final 14 days later, on August 4, 2023. See Fed. R. App. P. 4(b)(1)(A).

Since the termination of his criminal action, Knight has submitted two letters pro se. In a letter dated November 14, 2023, and received by the Court on November 20, 2023 (the "first letter"), Knight wrote to this Court requesting a free copy of his "Sentencing Transcripts, Docket Sheet, Judgment of Commitment, and Plea Agreement." (Doc. #21). Knight asserted that he had "tried unsuccessfully" to contact his former lawyer to obtain this information. (Id.). His letter included an assertion that this information was necessary to file a motion under 28 U.S.C. § 2255

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

2

challenging the legality of his sentence. The Court liberally construes that letter to suggest that Knight had identified three grounds for relief: (1) ineffective assistance of counsel generally; (2) his plea agreement was breached; and (3) his counsel erred in failing to challenge the breached plea agreement. Knight asserted that the requested transcripts were necessary to provide an accurate account in a Section 2255 motion. (Id.).

On that same day, November 20, 2023, this Court directed defendant's CJA defense attorney, Raymond E. Gazer, Esq., to respond to Knight's requests and provide written confirmation of compliance with the requests. (Doc. #21). Also on that same day, Mr. Gazer confirmed in writing that he had sent Knight the requested items on November 16, 2023, and had confirmed their receipt at the Federal Correctional Institution located in Allenwood, Pennsylvania (FCI Allenwood Low) on November 18, 2023, where he indicated Knight was incarcerated at the time. (Doc. #22).

After no further communication or submissions, on April 25, 2025, Knight wrote a letter to this Court (the "second letter"), requesting a "status update." (Doc. #23). He again requested copies of his sentencing transcript, indicating that this request was in order to "perfect [his] Section 2255 [motion] in light [of] recent changes to the legal landscape pertaining to 922(g) charges." (Id.). He added that "my family does not have the money to assist," and requested that his sentencing transcripts be provided "free of cost to litigate."(Id.).

## DISCUSSION

His criminal matter having been terminated, Knight now proceeds pro se. Applying the appropriate solicitude due to litigants representing themselves, the Court notes that, although Knight has not yet filed a formal motion seeking relief under Section 2255, his letters received by the Court on November 20, 2023, and April 25, 2025, indicate his intention to do so. Based

3

on further review of the record as a whole and applicable law, the Court concludes that Knight's first letter, which identified three grounds for seeking relief under Section 2255, should have been construed as being a Section 2255 motion itself, thereby preserving Knight's ability to seek such relief within the required one-year limitations period. See 28 U.S.C. § 2255(f). The Court now finds that the circumstances warrant doing so nunc pro tunc.

      A.      Designation of the first letter as a Section 2255 motion nunc pro tunc

"Nunc pro tunc, Latin for 'now for then,' refers to a court's inherent power to enter an order having retroactive effect." Iouri v. Ashcroft, 487 F.3d 76, 87 (2d Cir. 2006). It is a "far-reaching equitable remedy" that is justified by "certain exceptional cases," Iavorski v. INS, 232 F.3d 124, 130 n.4 (2d Cir. 2000), in order to "rectify[] any injustice . . . suffered . . . on account of judicial delay." Iouri v. Ashcroft, 487 F.3d at 97.

Courts may act nunc pro tunc upon motion from a party or sua sponte. See, e.g., Rozz v. Town of Hempstead, 2023 WL 2731691, at *3 (E.D.N.Y. Mar. 31, 2023) (granting, nunc pro tunc and sua sponte, a formerly pro se plaintiff leave to file an amended complaint, thereby finding that the amended complaint was properly before the court). This power is not meant, however, to review decisions that have already been adjudicated and dismissed. See, e.g., Negron v. United States, 394 F. App'x 788, 791 (2d Cir. 2010) (summary order) (finding improper the district court's decision to reconstrue a motion under Fed. R. Civ. P. 60(b) as a Section 2255 motion nunc pro tunc because the Rule 60(b) motion had already been adjudicated and denied).

The Court now exercises its power to act nunc pro tunc to cure its own oversight in not giving proper consideration to Knight's first letter. Although the Court treated the first letter as a request for documentation related to Knight's criminal proceeding, the letter contained sufficient information to warrant construing it as a Section 2255 motion at the time it was submitted. In

4

Green v. United States, the Second Circuit instructed district courts to examine the content, rather than the form or title, of pro se submissions. 260 F.3d 78, 83 (2d Cir. 2001). In other words, where a submission includes grounds for relief under Section 2255, it should be so construed. Id. ("Where a motion . . . contains allegations sufficient to support a claim under [S]ection 2255, a district court is empowered, and in some instances may be required . . . to treat that motion as a substantive motion for relief under [S]ection 2255."). District courts have relied on Green's instructions to construe a range of submissions as Section 2255 motions. See, e.g., United States v. Williams, 2024 WL 3014098, at *2 (S.D.N.Y. June 14, 2024) (construing a letter that included various forms of possible requested relief, as well as a request for transcripts, as a Section 2255 motion, notwithstanding that it contained arguments that could not be brought in such motion and the court's prior instruction regarding the proper vehicle for each claim); Mayard v. United States, 2022 WL 992835, at *2 (S.D.N.Y. Apr. 1, 2022) (construing a request for an extension of time to file a motion under Section 2255 as a substantive Section 2255 motion because the defendant raised an ineffective assistance of counsel ground and stated facts in support of that ground); see also Box v. Lilley, 123 F.4th 620, 623 (2d Cir. 2024) (remanding for consideration the issue of whether a pro se litigant's letter providing grounds for relief should have been construed as a habeas corpus petition, brought under 28 U.S.C. § 2254).

Knight's first letter nominally seeks the transcripts of his criminal action, but his intention to file a Section 2255 motion once he possesses the transcripts is clear and, critically, he references the claims he believes entitle him to Section 2255 relief. This level of particularity is consistent with the circumstances contemplated in Green that would permit a court to construe such a submission as a motion for relief under Section 2255. See Fleming v. United States, 146 F.3d 88, 90 (2d Cir. 1998) (holding that a district court must review pro se Section 2255 motions

"with a lenient eye, allowing borderline cases to proceed"); cf. Leyva v. United States, 2023 WL 2525503, at *2 (S.D.N.Y. Mar. 15, 2023) (declining to construe a letter request for an extension of time to file a Section 2255 motion because it did not include any grounds for relief).

The Court also understands that any future attempt by Knight to request relief under Section 2255 motion would now be untimely. A federal prisoner seeking relief under Section 2255 must generally file a motion within one year from the latest of four dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the right asserted is initially recognized by the Supreme Court of the United States, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2255(f). Knight's judgment of conviction became final on August 4, 2023, when the time to file a notice of appeal expired. His time to seek relief under Section 2255 expired one year after his time to appeal his conviction expired, on or about August 4, 2024. For the Court to decline to correct its oversight as to the first letter would have the effect of permanently foreclosing this avenue of relief to Knight.[2]

Finally, nothing regarding the first letter has been "thoroughly and properly adjudicated" so as to make such a construction now improper. Cf. Negron v. United States, 394 F. App'x at

---

[2] The Court notes that the need for transcripts alone is not a basis for a litigant to request that the filing deadline be tolled. See, e.g., Rivera v. United States, 719 F. Supp. 2d 230, 232 (D. Conn. 2010) (declining to toll the one-year limitations period because the difficulty in obtaining transcripts and other documents did not constitute extraordinary circumstances, and because the litigant's submissions to the court did not include grounds for relief under Section 2255), aff'd, 448 F. App'x 145 (2d Cir. 2011) (summary order). Here, however, the basis for construing the first letter as a Section 2255 motion is not the apparent lack of clarity about whether Knight has the transcripts he seeks. Instead, the Court is convinced that the letter itself provided sufficient grounds for Section 2255 relief such that the Court can construe it as a Section 2255 motion under Green.

6

791. The Court treated the first letter as a clerical matter at the time it was received: Knight indicated that he sought transcripts and the Court ordered, in a memo endorsement, that his former counsel provide them to him.

Accordingly, the Court now finds that circumstances warrant construing Knight's first letter as a timely motion brought under Section 2255 nunc pro tunc, filed on November 14, 2023, the date of the letter.[3] See Edwards v. INS, 393 F.3d 299, 308 (2d Cir. 2004) ("When a matter is adjudicated nunc pro tunc, it is as if it were done as of the time that it should have been done.").

B.   Requests for Transcripts

Knight's second letter suggests that he still seeks a copy of his sentencing transcript. With an open Section 2255 motion, the Court may now consider this request, under 28 U.S.C. § 753(f), which permits a judge to waive fees for transcripts in proceedings brought under Section 2255, provided there is a showing that it is necessary to pursue a non-frivolous motion. See United States v. Horvath, 157 F.3d 131 (2d Cir. 1998) (a motion for a free transcript pursuant to Section 753(f) ripens only after there is an open Section 2255 motion). The Court finds that the circumstances warrant providing Knight his sentencing transcript.

Chambers will mail Knight the official transcript of his July 20, 2023, sentencing, which was docketed on August 23, 2023. (Doc. #20).

C.   Leave to Amend

---

[3]   Under the prison mailbox rule, an incarcerated person's submission is generally deemed filed when he places it in the prison mailing system for mailing. See Houston v. Lack, 487 U.S. 266, 270 (1988). Although Knight does not indicate when he gave the letter to prison officials for mailing, the Court assumes that the letter was given to prison officials on the date that he signed them. See Hardy v. Conway, 162 F. App' x 61, 62 (2d Cir. 2006) ("[W]e have never required prisoners to provide affidavits of service to verify when they give their documents to prison officials. Indeed, in the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing.")

7

Rule 2(b) of the Rules Governing Section 2255 Proceedings requires a motion to specify all of a movant's available grounds for relief, setting forth the facts supporting each of the specified grounds and stating the relief requested. A Section 2255 motion must permit the Court and Respondent to comprehend both the movant's grounds for relief and the underlying facts and legal theory supporting each ground so that the issues presented in the motion may be adjudicated.

Here, Knight's submission, now construed as a timely Section 2255 motion, states three possible grounds for relief, but it does not allege any facts supporting his grounds for relief. The submission therefore does not comply with Rule 2(b). Furthermore, it is unclear whether Knight has additional grounds for Section 2255 relief that he may wish to assert.

In light of his pro se status, and because Knight has only one opportunity to bring a Section 2255 motion asserting all of his grounds on which he seeks relief, the Court grants him an opportunity to file an amended Section 2255 motion. In the amended Section 2255 motion, Knight must provide all of his grounds for Section 2255 relief and all of the facts supporting those grounds so that the relevant issues can be fully adjudicated.[4]

---

[4] If Knight does not want to pursue relief under Section 2255, he may notify the Court in writing by June 23, 2025, that he wishes to withdraw the application. See Castro v. United States, 540 U.S. 375, 383 (2003); Adams v. United States, 155 F.3d 582, 584 (2d Cir. 1998) (per curiam). Knight will have one opportunity within the limitations period for a full adjudication of his claims. If Knight does not inform the Court of his intent by June 23, 2025, the application will remain designated as a motion under Section 2255.

8

## CONCLUSION

The Court directs the Clerk of Court to open Knight's letter received by the Court on November 20, 2023 (Doc. #21), as a Section 2255 motion with an associated civil docket number related to this criminal action and to assign it to the undersigned's docket.

The Court directs Knight to file an amended motion under 28 U.S.C. § 2255 containing the information specified above. The Amended Motion must be sent by July 23, 2025, to the attention of this Court's Pro Se Intake Unit, be captioned as an "Amended Motion," and bear the relevant criminal docket number (23 CR 144 (VB)) and, if known, the relevant civil docket number.

Chambers will mail this order and an Amended Motion Under Section 2255 form to Knight, which Knight should complete as specified above, and then sign and return to the Court. Chambers will also mail a copy of the sentencing transcript (Doc. #20) to Knight. All materials will be mailed to Knight at the following address:

Kadeem Knight, Register No. 43424-510
U.S.P. Hazelton
U.S. Penitentiary
P.O. Box 2000
Bruceton Mills, WV  26525

If Knight fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the present Section 2255 motion will be denied and this matter will be dismissed.

Because Knight has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Dated: May 23, 2025
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge